UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MYKEY TECHNOLOGY INC.
PATENT LITIGATION                                                              MDL No. 2461

TRANSFER ORDER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, patentholder MyKey Technology, Inc. (MyKey) moves for centralization of this patent infringement litigation in the Central District of California. This litigation currently consists of six actions pending in the Central District of California, the Western District of Washington, and the Eastern District of Wisconsin, as listed on Schedule A. None of the defendants filed a response to MyKey's motion.[1]

Before us are six patent infringement actions brought by MyKey against several manufacturers or sellers of computer forensic devices. At issue are three patents related to systems or devices capable of collecting, preserving, retaining, and/or removing information from computer long-term memory (*i.e.*, from a hard drive or flash drive).[2] MyKey asserts that the defendants' products infringe one or more claims of the patents. All but one of the actions includes allegations of infringement of all three patents (the defendant in the action pending in the Western District of Washington is alleged to have infringed only two of the three patents) and many common patent claims are asserted in multiple actions. Claim 1 of the '682 patent is asserted against all defendants.

Although we are presented with the unusual situation of having no response to a patentholder's motion to centralize, we conclude, on the basis of the papers filed,[3] that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All of the actions involve factual questions surrounding the alleged infringement, validity and/or enforceability of MyKey's patents concerning computer forensic

---

[1] Pursuant to Panel Rule 6.1(c), defendants' "[f]ailure to respond . . . shall be treated as . . . acquiescence to" the motion to centralize.

[2] The three patents are: U.S. Patent No. 6,813,682 ('682 patent), entitled "Write Protection for Computer Long-Term Memory Devices"; U.S. Patent No. 7,159,086 ('086 patent), entitled "Systems and Methods for Creating Exact Copies of Computer Long-Term Storage Devices"; and U.S. Patent No. 7,228,379 ('379 patent), entitled "Systems and Methods for Removing Data Stored on Long-Term Memory Devices."

[3] MyKey waived oral argument.

devices. Although there is some difference in the asserted claims between the actions, and some difference in the accused products, centralization will allow a single judge to preside over the discovery relating to the three patents at issue and to consistently rule on challenges to the validity of those patents. *See In re Maxim Integrated Prods., Inc., Patent Litig.*, 867 F. Supp. 2d 1333, 1334 (J.P.M.L. 2012). Furthermore, all of the actions are in the initial stages of litigation. Thus, centralization at this time will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on the complex and time-consuming matter of claim construction), and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Central District of California is the most appropriate transferee district for pretrial proceedings in this litigation. Three of the six actions are pending in this district, and four of the six actions (involving seven of the nine named defendants) are pending on the West Coast of the United States. Thus, this district appears to be convenient for the majority of the parties. By centralizing this litigation before Judge Gary A. Feess, we are assigning this docket to an experienced transferee judge who can steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Gary A. Feess for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |

**IN RE: MYKEY TECHNOLOGY INC.**
**PATENT LITIGATION**                                                                 MDL No. 2461

## SCHEDULE A

<u>Central District of California</u>

MyKey Technology, Inc. v. Intelligent Computer Solutions, Inc., C.A. No. 2:12-10927
MyKey Technology, Inc. v. CPR Tools Inc., et al., C.A. No. 2:13-02302
MyKey Technology, Inc. v. CRU Acquisitions Group LLC, et al., C.A. No. 2:13-02476

<u>Western District of Washington</u>

MyKey Technology, Inc. v. CRU Acquisitions Group LLC, C.A. No. 3:13-05266

<u>Eastern District of Wisconsin</u>

MyKey Technology, Inc. v. Botchek, C.A. No. 2:13-00302
MyKey Technology, Inc. v. TEFKAT LLC, C.A. No. 2:13-00413